# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2268

_____

Great Plains Coop,

        Appellant,

        v.

Commodity Futures
Trading Commission,

        Appellee.

Appeal from the United States
District Court for the District
of Nebraska.

_____

Submitted: January 12, 2000

Filed: February 28, 2000

_____

Before WOLLMAN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Great Plains Coop filed a complaint against the Commodity Futures Trading Commission (CFTC) seeking various forms of relief, all for the general purpose of halting the CFTC's administrative proceedings against Great Plains. The district court[1] dismissed Great Plains's complaint and Great Plains appeals. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Great Plains is a cooperative that purchases grain from producers using "hedge-to-arrive" contracts (HTAs). The Commodity Exchange Act (CEA), *see* 7 U.S.C. §§ 1-25, gives the CFTC the authority to regulate, among other things, the formation and sale of "futures contracts," which are "contracts of sale of a commodity for future delivery," *see* 7 U.S.C. § 2. At the heart of this dispute is an administrative complaint filed by the CFTC against Great Plains alleging that the HTAs used by Great Plains were "futures contracts" subject to the strictures of the CEA, and that Great Plains had failed to comply with the relevant CFTC regulations.

During the administrative proceedings on the complaint, Great Plains argued that a number of federal and state courts had found that certain HTAs used by Great Plains were not "futures contracts" within the meaning of the CEA. Those federal and state cases arose from Great Plains's efforts to enforce its HTAs with various recalcitrant grain producers. The grain producers contended that the HTAs were unenforceable because they were "futures contracts" subject to the regulations of the CFTC and were unlawfully drafted by Great Plains. All of the federal and state courts that considered this argument rejected it, finding that the HTAs were not "futures contracts" subject to regulation by the CFTC. Great Plains urged the administrative law judge to follow these precedents, and to find that the CFTC had no basis for claiming that Great Plains had violated the CEA, but the administrative law judge allowed the proceedings to continue.

Great Plains then filed a complaint against the CFTC seeking injunctive relief, a writ of mandamus or of prohibition against the administrative proceedings, or a declaratory judgment that Great Plains's HTAs were not "futures contracts" within the meaning of the CEA. The district court first denied Great Plains's request for a preliminary injunction and subsequently dismissed Great Plains's complaint for lack of jurisdiction. The court held that it had no jurisdiction to enjoin or otherwise interfere with the administrative proceedings of the CFTC because under 7 U.S.C. § 9 a federal

court of appeals has exclusive jurisdiction to review final orders of the CFTC.  Great Plains now appeals the dismissal of its complaint.  We review *de novo* the decision of the district court.  *See Doe v. Norwest Bank Minnesota, N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).

## II.

In *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 205, 114 S. Ct. 771, 127 L. Ed. 2d 29 (1994), the plaintiff filed an action in a federal district court attempting to enjoin the enforcement proceedings of the Mine Safety and Health Administration.  The Supreme Court held that the district court lacked the subject-matter jurisdiction to grant such an injunction and found that the comprehensive review process in the Federal Mine Safety and Health Amendments Act of 1977 (the Mine Act), *see* 30 U.S.C. §§ 801-962, did not provide for the relief that the plaintiff sought.   *Thunder Basin*, 510 U.S. at 208-09, 216, 218.

We think that the circumstances of this case are identical in all relevant respects to those in *Thunder Basin*.  Like the Mine Act, *see* 30 U.S.C. §§ 815-816, the CEA establishes a scheme of administrative review, followed by judicial review of final orders in the appropriate federal appeals court.  *See* 7 U.S.C. §§ 8-9.  Also like the Mine Act, the CEA's review processes do not distinguish between "pre-enforcement challenges" (*e.g.*, the complaint for injunctive relief in this case) and "post-enforcement challenges" (*e.g.*, appeals from final orders of the agency), a fact that the Supreme Court found significant in *Thunder Basin*, 510 U.S. at 208-09.  We therefore conclude that Congress intended for challenges to adverse administrative actions under the CEA to occur only after the issuance of final orders of the CFTC, and then only in the appropriate court of appeals.

Great Plains's complaint is an impermissible attempt to make an "end run" around the statutory scheme.  Allowing the target of an administrative complaint simply to file for an injunction in a federal district court would defeat the purpose of 7 U.S.C. § 9:  It would create two avenues of judicial review and would allow the plaintiff to

short-circuit the administrative review process and the development of a detailed factual record by the agency. *See General Finance Corp. v. Federal Trade Commission*, 700 F.2d 366, 368 (7th Cir. 1983) (a litigant "may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court ... the specific statutory method, if adequate, is exclusive"). We note that Great Plains does not argue that the statutory method for review is so inadequate that it violates due process. *See Clarinda Home Health v. Shalala*, 100 F.3d 526, 530-31 (8th Cir. 1996).

Great Plains nevertheless argues that the review process outlined in the CEA is not applicable because the CFTC never had "primary" jurisdiction. According to Great Plains, the CFTC lacks "primary" jurisdiction because the HTAs are not "futures contracts," are therefore outside the scope of the CEA, and thus are not subject to the jurisdiction of the CFTC.

It seems to us that Great Plains is confusing two distinct matters. The first is the common-law doctrine of "primary jurisdiction," which allows a federal district court to refer a claim properly cognizable in that court to an appropriate administrative agency. *See Access Telecommunications v. Southwestern Bell Telephone Co.*, 137 F.3d 605, 608 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 404 (1998). The primary jurisdiction doctrine is properly invoked "whenever enforcement of the claim requires the resolution of issues which ... have been placed within the special competence of an administrative body." *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956). We do not see the relevance of this principle to this case. Perhaps Great Plains's insistent reiteration that the CFTC lacked "primary jurisdiction" is meant to imply that the district court should not have declined to hear this case in deference to the special competence of the CFTC. But the district court never did that: The dismissal of Great Plains's complaint was based not on the district court's deference to the special competence of the CFTC, but, rather, on the exclusivity of the scheme set forth in the CEA.

Great Plains seems to argue, in addition, that the administrative review provisions of a statute do not apply when the prosecuting agency never properly had jurisdiction. Great Plains fails, however, to cite any cases in support of this proposition. Instead, it cites a number of cases holding that the judiciary is empowered to determine the limits of statutory authority. *See, e.g.*, *Stark v. Wickard*, 321 U.S. 288, 309-10, 64 S. Ct. 559, 88 L. Ed. 733 (1944).

While it is undoubtedly true that statutory interpretation is the province of the judiciary, *see*, *e.g.*, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), and that such interpretations include defining the limits of statutory authority, we do not believe that this principle is of any avail to Great Plains in the present circumstances. The issue here is not *whether* the judiciary may determine if the CFTC exceeded the bounds of its power, but rather *when* the judiciary may make such a determination. As the Supreme Court stated in *Stark*, 321 U.S. at 310, "[t]he responsibility of determining the limits of statutory grants of authority in such instances is a judicial function entrusted to the courts by Congress by the statutes establishing courts and marking their jurisdiction." In this case, the relevant statute allows judicial review, even of jurisdictional questions, only after a final order has been issued by the CFTC, and then only by direct review in the appropriate court of appeals. *See* 7 U.S.C. § 9.

Great Plains dedicated the majority of both its brief and its time in oral argument to explaining why HTAs are not "futures contracts" subject to regulation by the CFTC, and why the doctrines of collateral estoppel and the separation of powers estop the CFTC from asserting that they are. While Great Plains may be correct in its assertions, these arguments are properly raised before us only on direct appeal from a final order of the CFTC.

III.

For the foregoing reasons the order of the district court dismissing Great Plains's complaint is affirmed.

-5-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.